United States District Court
Southern District of Texas
**ENTERED**
January 31, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GREGORY ANDREW HARRIS, II, | § | |
| TDCJ # 01036122, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:23-0272 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner Gregory Andrew Harris, II, an inmate in the custody of the Texas Department of Criminal Justice–Correctional Institutions Division (TDCJ), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging a disciplinary proceeding. After reviewing all of the pleadings under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that this case must be **dismissed** for reasons set forth below.

## I.      BACKGROUND

Harris is serving a sentence based on a 2001 conviction for aggravated robbery in Harris County, Case No. 837057.  *See* Dkt. 1, at 2; Inmate Information Search, available at https://inmate.tdcj.texas.gov/InmateSearch/ (last visited Jan. 31, 2023).  His habeas petition in this action does not challenge his conviction or sentence.  Rather, he seeks relief from a disciplinary conviction at the Estelle Unit on October 29, 2021, in disciplinary case

number 20220037287 (Dkt. 1, at 5). Harris was convicted of possession of contraband and was punished by a 45-day recreation restriction, a 30-day commissary restriction, a 46-day cell restriction, reduction of his custody status, and the loss of 365 days of good-time credit. He states that he is eligible for release on mandatory supervision.  He appealed the conviction through TDCJ's two-step administrative grievance procedure (*id*. at 5-6).

Harris claims that officials violated his rights in connection with the disciplinary proceedings because there was no definitive proof that he possessed contraband, no physical proof was presented at his hearing, the lab testing presented at the hearing was unreliable and evidence was not sent to an outside lab, and the lab testing was inadequate to support the charge against him (*id*. at 6-7).

## II.   PRISON DISCIPLINARY PROCEEDINGS

An inmate's rights in the prison disciplinary setting arise under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).  Prisoners charged with institutional rules violations are entitled to rights under the Due Process Clause only when the disciplinary action may result in a sanction that will infringe upon a constitutionally protected liberty interest.  *See Sandin v. Conner*, 515 U.S. 472 (1995); *Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). A Texas prisoner cannot demonstrate a due process violation in the prison disciplinary context without first satisfying the following criteria: (1) he must be eligible for early release on the form of parole known as mandatory supervision; and (2) the disciplinary

conviction at issue must have resulted in a loss of previously earned good-time credit.  *See*

*Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000).

Here, although Harris states in his petition that he is eligible for release to mandatory supervision, his conviction for aggravated robbery renders him ineligible as a matter of law.  *See* TEX. PENAL CODE § 29.03 (aggravated robbery); TEX. GOV'T CODE § 508.149(a)(12) (inmates serving a sentence for conviction under Texas Penal Code § 29.03 "may not be released to mandatory supervision"); *Ex parte Ervin*, 187 S.W.3d 386 (Tex. Crim. App. 2005).  This is fatal to his challenge.  Only those Texas inmates who are eligible for early release on mandatory supervision have a protected liberty interest in their previously earned good time credit.  *See Malchi*, 211 F.3d at 957-58.

Under these circumstances, Harris cannot demonstrate a constitutional violation in connection with a disciplinary conviction.  His pending federal habeas corpus petition must be dismissed for failure to state a claim upon which relief may be granted.

## III.    CERTIFICATE OF APPEALABILITY

Habeas corpus actions under 28 U.S.C. § 2254 or § 2255 require a certificate of appealability to proceed on appeal.  28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003).  Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner.

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a

petitioner to demonstrate "'that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).   Under the controlling standard, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (internal citation and quotation marks omitted).   Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.   *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). After careful review of the pleadings and the applicable law, the Court concludes that reasonable jurists would not find its assessment of the claims debatable or wrong.   Because the petitioner does not allege facts showing that his claims could be resolved in a different manner, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION AND ORDER

Based on the foregoing, the Court **ORDERS** as follows:

1.      The relief sought in the federal habeas corpus petition (Dkt. 1) filed by Gregory Andrew Harris, II, is **DENIED** and this case is **DISMISSED** with prejudice.

2.      A certificate of appealability is **DENIED**.

3.      All pending motions, if any, are **DENIED as moot**.

The Clerk will provide a copy of this order to the petitioner.

SIGNED at Houston, Texas on _____January 31_____, 2023.

_____

GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE